UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Mack Mason,

        Plaintiff

  v.

Liz, et al.,

        Defendants

Case No. 2:21-cv-01558-CDS-DJA

**Order Granting Motion for Summary Judgment**

[ECF No. 29]

      Incarcerated pro se plaintiff Mack Mason brings this 42 U.S.C. § 1983 civil rights action against former Nevada Department of Corrections (NDOC) nurse, Elizabeth Lineal "Liz," and Dr. Bryant for an alleged Eighth Amendment violation. *See generally* ECF No. 10. Specifically, Mason alleges that defendants were deliberately indifferent to a serious medical need during a catheter insertion procedure at High Desert State Prison (HDSP) that allegedly caused him unbearable pain and resulted in an infection. *Id.* at 3.

      After screening the complaint, I determined that Mason's only cognizable claim was against nurse Lineal for alleged deliberate indifference to a serious medical need under the Eighth Amendment. ECF No. 11 at 7.[1] Lineal moves for summary judgment on the remaining claim. ECF No. 29. Mason did not respond to the motion, and the time to do so has passed. At the summary-judgment stage, I must consider the merits of the underlying claims, despite Mason's failure to respond. I find summary judgment appropriate because Mason failed to exhaust his administrative remedies prior to filing suit. I grant the motion and kindly direct the Clerk to Court to close this case.

---

[1] Mason had leave to amend his complaint to cure the deficiencies identified in the screening order. ECF No. 8 at 6. He chose to file an amended complaint, so the court accepts the First Amended Complaint (FAC) (ECF No. 10) as the operative complaint, and the only claims that remain are those identified in the screening order.

I.      **Legal standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). The court's ability to grant summary judgment on certain issues or elements is inherent in Federal Rule of Civil Procedure (FRCP) 56. *See* Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A fact is material if it could affect the outcome of the case. *Id.* at 249. At the summary-judgment stage, the court must view all facts and draw all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). The movant need only defeat one element of a claim to garner summary judgment on it because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

District courts may grant an unopposed motion for summary judgment if the movant's papers sufficiently support the motion and do not present on their face a genuine issue of material fact. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). As Fed. R. Civ. P. 56(e) explains, "[i]f a party fails . . . to properly address another party's assertion of fact[,] . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3); *Heinemann*, 731 F.3d at 917. But the nonmoving party's failure to respond does not absolve the

moving party from its affirmative duty to demonstrate that it is entitled to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182–83 (9th Cir. 2003).

II.   **Background**

Mason is an inmate in the NDOC and housed at Northern Nevada Correctional Center, at the time of the alleged violations he was housed at HDSP. *See generally* ECF No. 10. Mason alleges that on April 23, 2020, Lineal was deliberately indifferent to his serious medical needs when she inserted a wrong sized Foley catheter into his urethra causing him "unbearable" trauma and scarring. *Id*. at 3, ¶4. It is undisputed that Mason had a history of metastatic prostate cancer and for one-to-two years prior to April 23, 2020, he had been experiencing difficulty urinating.[2] *See* ECF No. 29 at 3 (citing Def's. Ex. B at 9–10 (sealed)). On April 23, 2020, Certified Physician Assistant Christopher Gabler evaluated Mason and in light of his inability to urinate for twenty-four hours and his worsening renal function, Lineal was instructed to reinsert the Foley catheter into Mason's urethra. *Id.*; Lineal Decl., Def.'s Ex. A, ECF No. 29-1 at ¶¶1, 14–15; Def.'s Ex. B at 80 (sealed).

Mason claims to have experienced unbearable pain during the insertion that resulted in bleeding for weeks after the procedure. ECF No. 10 at 3. Without specifying who made the determination, plaintiff claims that the size of the Foley catheter Lineal inserted in his urethra was determined to be "too big." *Id*. Defendants claim that Lineal used a size 16 French Foley catheter, which is the standard size catheter and the recommended size under the given circumstances. ECF No. 29 at 3 (citing Benson Decl., Def.'s Ex. D, at ¶¶11–12, ECF No. 29-3 at 3).

---

[2] Defendant Lineal sought leave to file under seal Exhibit B, in support of her motion for summary judgment because it compromised plaintiff Mason's medical records. On September 1, 2023, I found and granted the defendant's motion for the reason that courts in the Ninth Circuit routinely recognize that maintaining a person's privacy regarding their medical records and information is a sufficiently compelling reason to seal documents. *See, e.g., Pratt v. Cox*, 2012 WL 6691687, at *1 (D. Nev. Dec. 21, 2012) (collecting cases); *see also Abbey v. Hawaii Emps. Mut. Ins. Co. (HEMIC)*, 760 F. Supp. 2d 1005, 1013 (D. Haw. 2010), *on reconsideration in part* (Feb. 7, 2011) (collecting cases); ECF No. 33.

Mason's medical records indicate that during the follow-up evaluation, there was no presence of scarring and/or infection to his penis following the catheter procedure. *Id.*[3]

On May 14, 2020, Mason submitted an informal grievance form (2006-31-01480), where he alleged that Lineal made a mistake during the catheter procedure and claimed that he needed reconstructive surgery because of that mistake. ECF No. 29-2 at 2. The claim was denied on June 26, 2020, and on the same day, Mason filed a first level grievance, which was denied on July 7, 2020. ECF No. 29-2 at 2–3. Defendant claims that Mason did not appeal his first level grievance, nor did he file a level two grievance following the denial of his first grievance. *Id.* Mason filed the instant case on August 21, 2021.

The foregoing facts are undisputed as Mason has failed to file an opposition. "If a party fails . . . to properly address another party's assertion of fact[,] . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3); *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).

### III.     Discussion

Lineal moves for summary judgment on six bases: (1) Mason failed to exhaust his administrative remedies for his deliberate indifference to a serious medical need claim, (2) her lack of personal involvement in relation to the May 8, 2020, medical treatment, (3) the absence of denial, delay or interference with medical treatment, (4) the lack of injury, (5) the lack of causation, and (6) Lineal is entitled to qualified immunity. *See* ECF No. 29. Lineal filed her motion on August 25, 2023, and Mason had up until September 15, 2023, to file a response. *Id.* That deadline has passed, but Mason has not to this date filed a response.

---

[3] Cites to the medical records on Exhibit B that were sealed. ECF No. 33.

    *A. Summary judgment is appropriate because Mason did not exhaust his available administrative remedies.*

Lineal argues that Mason's remaining Eighth Amendment claim is barred by the Prison Litigation Reform Act (PLRA) because he failed to fully exhaust his available administrative remedies prior to filing his suit in federal court. ECF No. 29 at 5. I agree.

"In an effort to address the large number of prisoner complaints filed in federal court, Congress enacted the [PLRA]." *Jones v. Bock*, 549 U.S. 199, 202 (2007) (citing 42 U.S.C. § 1997e). Under the PLRA, a prisoner may not file any section 1983 civil rights suit unless they have exhausted the administrative remedies at the facility. 42 U.S.C. § 1997e(a); *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d, 776, 792 (9th Cir. 2018). The exhaustion requirement gives an agency the opportunity to correct its own mistakes before being dragged into federal court, and it promotes greater efficiency and economy in resolving claims. *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015). However, "a prisoner is excused from the exhaustion requirement in circumstances where administrative remedies are effectively unavailable, including circumstances in which a prisoner has reason to fear retaliation for reporting an incident." *Rodriguez*, 891 F.3d at 792 (citing *McBride*, 807 F.3d at 987).

Exhaustion "demands compliance with an agency's deadlines and other critical procedural rules because no adjudication system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). In Nevada, the remedies available to inmates are promulgated under Nevada Department of Corrections Administrative Regulation 740 (AR 740). AR 740's purpose is to "set forth the requirements and procedures of the administrative process that [Nevada Department of Corrections (NDOC)] inmates must utilize to resolve addressable grievances and claims including . . . any [] tort or civil rights claim relating to conditions of confinement." *Welch v. Liggett*, 2023 WL 158603, at *3 (D. Nev. Jan. 11, 2023). "An inmate whose grievance is denied in its entirety may appeal the grievance to the next level." *Id.* The grievance structure is essentially a

multi-level dispute resolution mechanism, under which an inmate must satisfy each level's substantive and procedural requirements before filing a higher-level grievance. *Id.* It requires inmates to first pursue resolution via alternative means, "such as discussion with staff or submitting an inmate request form." *Id.* Once an inmate has exhausted alternative means, he may file an informal grievance. *Id.* If that fails to provide the requested relief, the inmate may file a first-level grievance, and if that fails, a second-level grievance. *Id.* An inmate exhausts his administrative remedies either after a denial of the second-level grievance, or "if the [g]rievance is '[g]ranted' at any level." *Id.*

On May 19, 2020, Mason filed an informal grievance, alleging that nurse "Liz" made a mistake while inserting the Foley catheter into his urethra, leaving him in need of reconstructive surgery. Inmate Grievance History, Def.'s Ex. C, ECF No. 29-2 at 2. On June 26, 2020, his informal grievance was denied. *Id.* The grievance denial stated that, "[t]he presence of urine output immediately and days after the insertion indicate[d] that the catheter was placed correctly." *Id.* The denial also reasoned that it was unlikely that the catheter insertion performed by Lineal on April 23, 2020 was the cause of Mason's urinary issues because his medical charts indicated that he had preexisting urinary issues. *Id.* On the same day as the informal grievance denial, June 26, 2020, Mason filed his first level grievance, stating that nurse Liz "tore up the inside of [his] penis and had [him] bleeding like a pig . . . ." *Id.* Additionally, Mason stated that his urologist, Rachel Bowers, sent an operation request to remove all excess tissue that was swollen and torn. *Id.* On July 7, 2020, the prison denied Mason's level one grievance, stating, in part, that "there is no indication that [the] catheter insertion was the cause of [his] issues." *Id.* at 3. On September 14, 2020, Mason signed the grievance denial, noting his disagreement in the decision. *Id.* However, Mason did not appeal the denial of his first level grievance, nor did he submit a second level grievance.[4]

---

[4] Because Mason did not file a response to summary judgment, I take these facts as undisputed. *See* Fed. R. Civ. P. 56(e)(2), (3); *Heinemann*, 731 F.3d at 917. However, I also note that there is no evidence in the

In Nevada, administrative exhaustion requires an inmate to appeal a denied first level grievance, and if that fails, to file a second level grievance. AR 740. Mason failed to do so here. As Mason has failed to respond to this motion, there are no explanations or contrary arguments to the evidence showing he failed to exhaust his administrative remedies before the court at this time. However, based on an independent assessment of the record, I also note that there is no evidence nor suggestion that the administrative remedies were effectively unavailable to Mason as a matter of law. Indeed, the prison duly provided a response with a justification for each of Mason's denied grievances, and there is no evidence that suggests that Mason would have been unable to properly exhaust the remaining steps of the process. Therefore, I find that Mason has not exhausted his administrative remedies and that summary judgment is thus appropriate.

Because I find that Mason's claim is barred by the PLRA, I do not address Lineal's remaining arguments.

### IV.  Conclusion

IT IS THEREFORE ORDERED that Lineal's motion for summary judgment **[ECF No. 29] is GRANTED**.

The Clerk of Court is kindly directly to enter judgment accordingly and CLOSE THIS CASE.

DATED: October 24, 2023

_____
Cristina D. Silva
United States District Judge

---

record of Mason appealing the denial of his first level grievance nor filing a level two grievance. *See generally* Inmate Grievance History, Def.'s Ex. C, ECF No. 29-2.